United States District Court
Northern District of California

1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

8    **TIMOTHY A. DEWITT,**

9         **Plaintiff,**

10         **v.**

11   **FOOT LOCKER RETAIL, INC.; 1INK.COM,**

12         **Defendant(s).**

13

**Case No.: 13-CV-3459 YGR**

**ORDER DENYING ADMINISTRATIVE MOTION TO STRIKE, SETTING BRIEFING SCHEDULE, AND CONTINUING MOTION HEARING**

14    Plaintiff Timothy A. DeWitt, a licensed California attorney[1] proceeding pro se, brings this

15 action against Defendants Foot Locker Retail, Inc. ("Foot Locker") and 1INK.com ("1INK").  Foot

16 Locker is allegedly a New York corporation and 1INK, which has not yet appeared in this action, is

17 allegedly a California business.

18    DeWitt claims that he received numerous emails in violation of California's Anti-Spam Act,

19 Cal. Bus. & Prof. Code § 17529 *et seq*., and that Foot Locker and 1INK were the senders.  DeWitt

20 originally filed his complaint in California state court; on July 25, 2013, Foot Locker removed to

21 this Court.  Dkt. No. 1 (notice of removal), Ex. A (complaint).  On August 1, 2013, Foot Locker

22 moved to dismiss the complaint or, in the alternative, for a more definite statement.  Dkt. No. 12.

23 On August 8, 2013, DeWitt filed a paper he styled as: "Request Court Act *Sua Sponte* to Review

24 Removal and Subject-Matter Jurisdiction and Remand Case Back to California Superior Court for

25 Lack of Jurisdiction."  Dkt. No. 15.  On August 14, 2013, Foot Locker filed an administrative

26
27

[1] DeWitt's public bar record may be viewed on the California State Bar website at http://members.calbar.ca.gov/fal/Member/Detail/150631.

28

United States District Court
Northern District of California

1   motion either to: strike DeWitt's request; deny it; or construe it as a motion to remand and set a

2   briefing schedule.

3       The third option is the correct one.  In substance, if not in form, DeWitt's "request" is a

4   motion to remand, and it was timely filed.  28 U.S.C. § 1447(c).  However, because DeWitt failed

5   to notice the motion properly[2], no hearing date or briefing schedule has been set.

6       The Court **SETS** the hearing for DeWitt's motion to remand, and **CONTINUES** the hearing for

7   Foot Locker's pending motion to dismiss, to **2:00 p.m. on Tuesday, September 24, 2013**, in

8   Courtroom 5, Federal Courthouse, 1301 Clay Street, Oakland, California.   Foot Locker's response

9   to DeWitt's motion to remand is due no more than fourteen (14) days from the signature date of

10  this Order.  Any reply to an opposition is due no more than seven (7) days from the date the

11  opposition is filed.  Civ. L.R. 7-3(c).

12      Foot Locker's motion for administrative relief is **GRANTED** to the extent it requests leave to

13  brief DeWitt's motion to remand, and otherwise **DENIED**.

14      This Order terminates Docket No. 16.

15      **IT IS SO ORDERED.**

16

17  Dated: August 21, 2013                    _____

18                                             **YVONNE GONZÁLEZ ROGERS**
                                               **UNITED STATES DISTRICT COURT JUDGE**

19

20

21

22

23

24

25

26  ────────────────────
    [2] The Court reminds DeWitt that he, like all pro se plaintiffs, "is bound by the Federal Rules, as
27  well as by all applicable local rules.  Sanctions (including default or dismissal) may be imposed for
    failure to comply with local rules."  Civ. L.R. 3-9(a).  Further, as a licensed attorney, DeWitt is not
28  entitled to the deference afforded to typical pro se plaintiffs. *Cf. Gottschalk v. Litt*, CV 08-0466-
    SGL MLG, 2009 WL 1704991, at *6 (C.D. Cal. June 15, 2009).