United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **TIMOTHY A. DEWITT,** | Case No.: 13-CV-3459 YGR |
| Plaintiff, | **ORDER GRANTING MOTION TO REMAND** |
| v. | |
| **FOOT LOCKER RETAIL, INC.; 1INK.COM,** | |
| Defendant(s). | |

California attorney and *pro se* plaintiff Timothy A. DeWitt seeks to have his case remanded back to California state court after New York-based Foot Locker Retail, Inc. removed it to this Court despite the presence of a California co-defendant, 1INK.com. *See* Dkt. No. 1 (Notice of Removal), Ex. A (Complaint) ¶¶ 2-3. Normally, removal on such facts is barred by the forum defendant rule. *See* 28 U.S.C. § 1441(b)(2); *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006). Foot Locker, however, urges this Court to endorse and apply the doctrine of "fraudulent misjoinder." That doctrine, first articulated by the Eleventh Circuit in *Tapscott*, permits federal courts to ignore the presence of a forum defendant if that defendant has "no real connection with the controversy," such that their joinder is "egregious." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996); *see also* Wright & Miller, 14B FED. PRAC. & PROC. JURIS. § 3723 (4th ed.) (*Tapscott* first to articulate doctrine). The Court declines to apply the doctrine of fraudulent misjoinder and, accordingly, **GRANTS** Plaintiff's motion to remand.[1]

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for October 8, 2013.

The fraudulent misjoinder doctrine "is new and not universally applied." *Greene v. Wyeth*, 344 F. Supp. 2d 674, 684 (D. Nev. 2004). The Ninth Circuit has recognized the existence of the doctrine in a single, unpublished, noncitable[2] case from 2001, but has yet to adopt it. *California Dump Truck Owners Ass'n v. Cummins, Engine Co., Inc.*, 24 Fed. App'x 727, 729 (9th Cir. 2001). Other authorities are equivocal at best. As the Eighth Circuit has explained:

> Courts' reactions to *Tapscott* have been mixed. Some district courts have adopted the doctrine as a means of ensuring defendants their statutory right of removal to the federal courts and precluding plaintiffs from preventing removal to federal court. . . . [¶] Other courts have criticized *Tapscott*, arguing that questions of joinder under state law do not implicate federal subject matter jurisdiction, federal jurisdiction is to be narrowly construed, and the fraudulent misjoinder doctrine has created an unpredictable and complex jurisdictional rule.

*In re Prempro Products Liab. Litig.*, 591 F.3d 613, 621-22 (8th Cir. 2010) (citations omitted).

This Court finds persuasive the reasoning of courts that have, in the absence of controlling appellate authority, declined to adopt the doctrine. The Court shares the concerns described in *Prempro*. In light of those concerns, the Court doubts that it has jurisdiction over the case and thus the power to sever improperly joined defendants. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Defendants would do better to seek to have misjoined defendants severed in state court prior to removal. Wright & Miller, *supra*, § 3723 (explaining that "30-day time limit for removal (but not the overall one-year limit for diversity cases) would not begin to run until any misjoined, or fraudulently joined, non-diverse party [were] dropped from the action").

In cases such as these, this Circuit routinely analyzes whether fraudulent joinder, as opposed to *mis*joinder, exists. Fraudulent joinder "is a term of art" that does not imply actual fraud. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (citing *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). Rather, fraudulent joinder occurs "when a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Hunter v. Philip Morris USA*, 582 F.3d 1039,

---

[2] Under Ninth Circuit Rule 36-3(c), "[u]npublished dispositions and orders of this Court issued before January 1, 2007 may not be cited to the courts of this circuit, except in" circumstances not relevant here.

1043 (9th Cir. 2009) (internal quotation marks and brackets omitted).  "[T]he [removing] defendant must demonstrate that there is *no possibility* that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."  *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) (emphasis supplied).  Defendants are "entitled to present the facts showing the joinder to be fraudulent."  *Morris*, 236 F.3d at 1067.  The presence of fraudulently joined defendants in a lawsuit "is ignored for purposes of determining diversity."  *Id.*

      Here, Foot Locker fails to show that there is "no possibility" DeWitt can state a cause of action against 1INK under the settled law of California.  Instead, Foot Locker merely argues that, because DeWitt pleads insufficient facts, he *has* not done so.  Dkt. No. 24 at 11-12.  Foot Locker does not demonstrate that DeWitt would necessarily fail to state a claim against 1INK if, for instance, he were given leave to amend to cure any defects of fact pleading.

      Because Foot Locker has failed to meet the standard for fraudulent joinder, its removal of this case to federal court runs afoul of the forum-defendant rule.  The Court hereby **REMANDS** this case to San Francisco Superior Court.  The Court does not reach Foot Locker's Motion to Dismiss, which shall be administratively terminated.

**IT IS SO ORDERED.**

Dated: October 1, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**